**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-01137-NYW

DUSTIN MCDANIEL,

     Applicant,

v.

JACQUEZ, Warden, CDOC/AVCF,

     Respondent.

---

## ORDER DENYING MOTION FOR STAY

---

This matter is before the Court on the "Motion for Stay and Abeyance Until Resolution of State Court Proceedings to be Held on December 3, 2019" (Doc. # 29), filed by Applicant, Dustin McDaniel, on December 9, 2019. Respondent filed a Response to Motion to Stay (Doc. # 31) on December 13, 2019. For the reasons discussed below, the Motion for Stay is **DENIED**.

In the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 16), Mr. McDaniel challenges a June 2019 decision by the Colorado Parole Board to defer parole. Applicant asserts that his federal due process rights were violated in conjunction with the state parole proceeding. He maintains that he was denied parole in retaliation for his constitutionally-protected activity and for his failure to complete a mandatory sex offender treatment program to which the CDOC has denied him access.

On November 15, 2019, Respondent filed a Response to the § 2241 Application.

1

(Doc. # 24).   Respondent argues that because Mr. McDaniel filed a concurrent state

court action challenging the June 2019 parole decision, he must exhaust any state court

remedy before proceeding in this action.   (Doc. # 24 at 4-6).

The state court documents attached to the Response indicate that in July 2019,

Mr. McDaniel filed a Complaint pursuant to Colo. R. Civ. P. 106 in El Paso District Court

Case No. 2019CV218.   (Doc. # 24-1).   In the state action, Applicant makes allegations

similar to those raised in his federal § 2241 application.   The Colorado Parole Board

filed a motion to dismiss the Rule 106 action (Doc. # 24-2), which was denied by the

state district court on the following grounds:

> The plaintiff has alleged – with some supporting documentation in
> the form of a purported letter from Walter C. Johnson – that certain
> irregularities may have taken place at the plaintiff's parole hearing wherein
> he may have been intentionally denied participation in his parole hearing.
>
> While a parole hearing may, in fact, be a privilege in which the
> outcome is embedded with a significant degree of discretion, the
> allegations made in this case – if established as true – would be evidence
> that the parole hearing officer failed to exercise her statutory duties.
>
> Finally, although there is a regulation which establishes treatment
> qualifications which determine whether an inmate is eligible to participate
> in treatment (AR 700-191-107(B)), there has been no explanation in the
> motion which explains why the plaintiff's priority has not yet either made
> him eligible for treatment or moved him from the wait list to actual
> treatment. In making this statement, the court is not suggesting that the
> Respondent has not fairly and honestly prioritized him for treatment – it is
> just that there has been no information provided to how the calculation
> was determined. While his right to treatment is limited, he does have a
> liberty interest to ensure this prioritization process set forth in the CDOC's
> administrative regulations is followed and to be present at his own parole
> hearing.

(Doc. # 24-4 at 1-2).   The state court set the matter for an evidentiary hearing.   (*Id.* at

2).   Counsel thereafter entered an appearance on behalf of Mr. McDaniel and the

hearing was reset to December 3, 2019.   (Doc. # 24-5; # 24-7).

On December 9, 2019, Applicant filed a Motion for Stay and Abeyance in which he asks the Court to stay this action pending the El Paso County District Court's resolution of his Colo. R. Civ. P. 106 proceeding.   (Doc. # 29).   Respondent maintains that a stay is not warranted because the state district court issued an order on December 13, 2019 resolving the issues raised in the Colo. Civ. P. 106 Complaint. (*Id.*; *see also* Doc. # 13-1, "Order Re: Evidentiary Hearing on December 3, 2019").

In the December 13, 2019 Order, the El Paso County District Court denied the Colo. Civ. P. 106 Complaint, concluding that Mr. McDaniel was not "improperly denied his right to a parole hearing, improperly denied parole with sex therapy in the community, or denied parole for improper retributive reasons."   (Doc. # 13-1 at 6).

As a general matter, a Colorado state prisoner need not pursue state court remedies before seeking federal habeas relief in conjunction with a parole decision, *see Wildermuth v. Furlong,* 147 F.3d 1234, 1235 n.1 (10th Cir. 1998), because a discretionary decision to deny parole is generally not subject to review by the Colorado state courts.   *See White v. People,* 866 P.2d 1371, 1373 (Colo.1994).   However, where a state prisoner has filed a parallel state court action raising claims similar to those asserted in a federal habeas application, the doctrine of comity may require the federal court to defer action until the state courts "have had an opportunity to pass upon the matter."   *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (internal quotation marks and citation omitted).   *See also Montez v. McKinna,* 208 F.3d 862, 869 (10th Cir. 2000) (discussing "comity and deference to state adjudicatory procedures" in the context of

§ 2241).

The Court finds that a stay of this action is not warranted because the El Paso County District Court has resolved the issues raised in the December 3 hearing relating to the Colorado Parole Board's 2019 decision to deny Applicant parole.   Therefore, it is

ORDERED that the "Motion for Stay and Abeyance Until Resolution of State Court Proceedings to be Held on December 3, 2019" (Doc. # 29), filed on December 9, 2019, is DENIED.   It is

FURTHER ORDERED that Applicant may file, **within 30 days from the date of this Order**, a Reply to the Respondent's Response to Order to Show Cause.

DATED December 17, 2019.

BY THE COURT:

_____

NINA Y. WANG
United States Magistrate Judge